**ORIGINAL**

# In the United States Court of Federal Claims
Pro Se
No. 16-537C
(Filed: July 29, 2016 | Not For Publication)

**FILED**
**JUL 29 2016**
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ALBERT W. UPSHUR, YOLANDA D. THOMPSON, and BENNIE SHEPPARD, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Keywords: Pro Se Complaint; Subject Matter Jurisdiction; Motion to Dismiss; Act of State Doctrine. |

Albert W. Upshur, Yolanda D. Thompson, Bennie Sheppard, Yeadon, PA, Plaintiffs, *pro se*.

*Erin K. Murdock-Park*, Trial Attorney, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Brian A. Mizoguchi*, Assistant Director, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

**KALPAN, Judge.**

On May 2, 2016, the pro se plaintiffs in this case, Albert W. Upshur, Yolanda D. Thompson, and Bennie Sheppard, filed a document styled "Secured Party's Mandamus to Dismiss by Congressional Order of the Secretary of State," which the Court has construed and accepted as a complaint. See Compl., Doc. No. 1. Currently before the Court is the government's motion to dismiss under Rule 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims (RCFC). Def.'s Mot. to Dismiss (Def.'s Mot.), Doc. No. 7. For the reasons set forth below, the government's motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) is **GRANTED** and the Plaintiffs' complaint is **DISMISSED** without prejudice.

## BACKGROUND

Although the allegations in Plaintiffs' complaint are difficult to follow, it appears that the lynchpin of their claims is that they are sovereign entities in their own right (as opposed to citizens or residents of the United States), and that, as such, the "Act of State Doctrine" precludes them from being subject to legal proceedings in the United States. See Compl. at 2–3. It further appears that Plaintiffs are alleging that the United States violated their rights as

1

USPS TRACKING # 9114 9014 9645 0594 5521 15
& CUSTOMER  For Tracking or inquiries go to USPS.com
RECEIPT  or call 1-800-222-1811.

sovereign entities on the basis of legal proceedings brought against them by the Commonwealth of Pennsylvania. In particular, according to documents attached to their complaint, Plaintiffs were found guilty of violating a variety of Pennsylvania state laws and sentenced to serve time for those offenses; Plaintiffs characterize the criminal proceedings as fraudulent. See Compl. Ex. F, Ex. J, Ex. L.

Plaintiffs also appear to be alleging breach of contract by the United States, giving rise to a claim for damages. See Pls.' Resp. at 2 (citing exhibits to their response entitled "Contract, Legal Notice and Demand" and "Contract, Declaration of Independence"), Doc No. 6. Further, in their "Motion to Continue Complaint," which the Court construed as a response to the government's motion to dismiss, the Plaintiffs claim they are owed "Three Trillion United States dollars . . . for violating our unalienable Constitutional rights." Pls.' Resp. at 1.

Finally, Plaintiffs have attached to their Complaint a number of documents that they previously filed with various courts in Pennsylvania, which seek, among other things: 1) unlawful imprisonment restitution in the amount of $300,000,000; 2) an unlimited line of credit from the state bank of Pennsylvania; 3) release from prison of more than sixteen individuals belonging to Plaintiffs' "family government;" 4) recognition of Plaintiffs as a sovereign government; 5) return of titles and deeds to more than thirty properties alleged to have been fraudulently stolen; and 6) prosecution of state-employed individuals involved in the alleged violation of the Plaintiffs' constitutional rights. Compl. App. Ex. A2–A8 at 57–70.

The government has moved to dismiss Plaintiffs' complaint pursuant to RCFC 12(b)(1), for lack of jurisdiction. Def.'s Mot. at 1. In the alternative, it moves to dismiss the complaint pursuant to RCFC 12(b)(6), for failure to state a claim upon which relief may be granted. Id.

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004). In this case, Plaintiffs have not met that burden.

The Court of Federal Claims is a court of "limited jurisdiction." Marcum LLP v. United States, 753 F.3d 1380, 1382 (Fed. Cir. 2014). Its primary source of jurisdiction is the Tucker Act, which empowers it to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).

2

The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights on a plaintiff. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

Plaintiffs' allegations (described above) are insufficient to establish this Court's jurisdiction under the Tucker Act. First, even assuming its applicability, the act of state doctrine does not supply an independent source of law that grants the Plaintiffs a right to recover damages from the United States. Rather, it is a judicially created principle which "in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." See Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 423 (1964); see also First Nat. City Bank v. Banco Nacional del Cuba, 406 U.S. 759, 763 (1972) (quoting Underhill v. Hernandez, 168 U.S. 250, 252 (1897) (under the act of state doctrine "every sovereign State is bound to respect the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory").

To the extent that the Plaintiffs allege that the application of the act of state doctrine somehow shielded them from prosecution under state law, or from their obligation to comply with any law, that claim is not one that is within this Court's jurisdiction because the act of state doctrine is not a statute, regulation or constitutional provision; it is a judicially created principle. Further, it does not provide an independent source of a substantive right to money damages. And to the extent that Plaintiffs are requesting that the Court overturn convictions and release individuals from prison, this Court does not possess jurisdiction to address matters committed to the criminal justice system. Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994).[1]

Plaintiffs' breach of contract allegations also cannot serve as a basis for this Court's exercise of jurisdiction under the Tucker Act. The purported "contracts" upon which Plaintiffs rely consist of notarized documents signed only by Plaintiffs and entitled "Contract, Legal Notice and Demand" and "Contract, Declaration of Independence." They purport to, among other things, disclaim Plaintiffs' obligations to pay debts or comply with the laws of the United

---

[1] While the Court does have jurisdiction to entertain claims for compensation based on unjust conviction and imprisonment, 28 U.S.C. §§ 1495, 2513, that jurisdiction extends only to unjust convictions for crimes committed against the United States, and only where such convictions have been reversed by a court on the grounds that the plaintiff was not guilty of such crimes or where a plaintiff has received a pardon grounded in his innocence. 28 U.S.C. § 2513(a). Here, Plaintiffs were convicted of crimes against the Commonwealth of Pennsylvania, not the United States, and they have not, in any event, produced the certificate of innocence that is a jurisdictional prerequisite to this Court's exercise of its jurisdiction under 28 U.S.C. 2513(b). See Wood v. United States, 91 Fed. Cl. 569, 577 (2009) (compliance with section 2513, including the production of a certificate of innocence, are pre-requisites to the jurisdiction of the Court of Federal Claims).

States or other units of government and to subject the United States (and apparently all other governmental entities) to obligations to pay Plaintiffs specified amounts of damages for violation of a variety of "rights" that are set forth in the documents. See Pls.' Resp. App. Exs. A–C. There is no evidence or even an allegation that these documents were ever signed or approved by any official of the United States (much less one with the requisite authority to bind the United States in contract). Accordingly, the documents cannot serve as a basis for this Court's exercise of jurisdiction under the Tucker Act to adjudicate claims for money damages that are based upon an express or implied contract with the United States. See Russell Corp. v. United States, 537 F.2d 474, 481 (Ct. Cl. 1976) (no express contract where "the contract documents that would manifest the offer and acceptance were not executed by any representative of the Government"); see also Trauma Serv. Group v. United States, 104 F.3d 1321, 1325 (Fed. Cir. 1997) (requiring a "well-pleaded allegation" of an express contract "to overcome challenges to jurisdiction").

Finally, while referring in a general way to alleged violations of their constitutional rights Plaintiffs have not specified the violation of a constitutional provision which could give right to a claim for money damages. Nor have they identified a money mandating regulation or statute that could serve as the basis for this Court's exercise of jurisdiction under the Tucker Act. Accordingly, Plaintiffs have failed to meet their burden of showing that this Court has jurisdiction over any of the claims in their complaint.

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss under RCFC 12(b)(1) is **GRANTED** and the case is **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge

4